IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIA D. OLESON,

                        Plaintiff,                            ORDER

    v.

                                                                12-cv-919-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                        Defendant.

---

      Plaintiff Marcia D. Oleson sought judicial review of the final decision of the Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. Dkt. 1. She prevailed and this court remanded Oleson's case to the Commissioner for further proceedings. Dkt. 19. Her counsel then filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, seeking $2,542.50 in attorney fees for 11.3 hours of legal services at a rate of $225 per hour. The commissioner opposes the motion because the hourly rate unjustifiably exceeds the statutory cap of $125 per hour. The court agrees.

      The EAJA provides "reasonable fees and expenses of attorneys" to the prevailing party in cases against the Commissioner. 28 U.S.C. § 2412(b). Oleson is entitled to attorney fees if: (1) she was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees was timely filed with the district court. *Id.* § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The Commissioner does not take issue with any of these prerequisites and does not oppose the award of attorney fees in this case. Instead, the Commissioner's objection relates to the amount of fees requested.

The EAJA caps the rate for attorney fees at $125 per hour, unless the requesting party can show that either inflation or a special factor justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). The Commissioner argues that Oleson has failed to adequately justify her requested hourly rate of $225. Oleson bases her higher fee on the special factor of requiring an expensive specialist; she does not argue inflation. Dkt. 26, 1-2. The Seventh Circuit has held that where "a particular . . . kind of case . . . requires for competent counsel someone from among a small class of specialists who are available only for [more than $125] per hour," a higher fee may be justified. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011) (quoting *Atl. Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 492 (1st Cir. 2000)). The special factor provided in the statute is to be interpreted narrowly. *Mathews-Sheets*, 653 F.3d at 564 (quoting *Pierce v. Underwood*, 487 U.S. 552, 572 (1988)).

To support her position, Oleson argues that her attorneys specialize in representing social security claimants in federal district courts and that their hourly rate of $225 for that work is reasonable. She cites the Laffey Matrix to demonstrate that $225 is actually *below* the customary rate for attorneys like hers. The Laffey Matrix is a chart of average hourly rates for attorneys in the Washington, D.C. area that the United States Attorney's Office publishes yearly to help courts determine reasonable fees for fee-shifting statutes. But the Seventh Circuit is somewhat skeptical of relying on the matrix to determine reasonable fees for attorneys who practice outside of the D.C. area. *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014), *cert. denied sub nom. Montanez v. Chi. Police Officers FICO*, No. 14-cv-327, 2014 WL 4682602 (U.S. Nov. 3, 2014). Further, according to its own explanatory notes, the "matrix does *not* apply to cases in which the hourly rate is limited by statute" as it is in the EAJA. Civil Div. of U.S. Attorney's Office for D.C., Laffey Matrix – 2014-2015, www.justice.gov/usao/dc/divisions/Laffey Matrix_2014-2015.pdf (last visited November 19, 2014) (original emphasis); *see also Bender v.*

*Comm'r of Soc. Sec.*, No. 13-cv-04039, 2014 WL 4649325, at *2 (C.D. Ill. Sept. 17, 2014); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 781 (E.D. Wis. 2004). Therefore, Oleson cannot rely on the matrix to support her contention that a special factor justifies a rate over $125 in this case.

In addition to the Laffey Matrix, Oleson offers two affidavits in support of her requested rate: one from her own attorney and another from an attorney who once practiced social security law. Dkt. 23 and Dkt. 24. These affidavits attest that $225 per hour for this type of work is "reasonable." The Seventh Circuit has noted that affidavits opining on the reasonableness of another attorney's fee (let alone on one's own fee) have little probative value. *Montanez*, 755 F.3d at 554. More importantly, reasonability is not the EAJA test. Although the $125-per-hour limit "seems awfully low" for legal services, *Mathews-Sheets*, 653 F.3d at 564, it is the statutorily-imposed cap. 28 U.S.C. § 2412(d)(2)(A). Because Oleson has failed to show that either an increase in the cost of living or a special factor mandates a higher rate, that is the rate her attorney will receive.[1] Oleson's attorneys worked for a total of 11.3 hours on her case. Dkt. 21 and Dkt. 26. At a rate of $125 per hour, she is entitled to $1,412.50 for that work.

As a final point, Oleson requests that the court order the awarded fees to be paid directly to her attorney. Dkt. 22. The Supreme Court has held "that a § 2412(d) fees award is payable *to the litigant*." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (emphasis added). Noting this precedent, the Seventh Circuit has nevertheless authorized payment of EAJA fees directly to an attorney where the claimant shows that she has assigned her claim for fees to her lawyer. *See Mathews-Sheets*, 653 F.3d at 565-66. Oleson has not shown any such assignment in this case and so the

---

[1] Oleson's fee request lacks an attestation that her attorneys exercised billing judgment. The omission could allow the court to reduce the fee further. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000). However, the court will overlook it because the hours reported appear reasonable.

court is unable to order that the fees be paid directly to her attorney at this time. Instead, the clerk's office will delay entry of judgment for one week from the date of this order to provide Oleson the opportunity to advise the court whether she has assigned her claim to her attorney. If she fails to provide adequate documentation, the clerk's office will enter judgment directing the fees to be paid directly to her.

IT IS ORDERED that:

1. Plaintiff Marcia D. Oleson is awarded her reasonable attorney fees in the amount of $1,412.50, consistent with the opinion above.

2. Plaintiff may have until November 26, 2014, to file a notice with the court confirming that she has assigned her right to fees to her attorney. Should she fail to do so, the clerk's office will enter a judgment ordering fees to be paid directly to plaintiff.

Entered this 19th day of November, 2014.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge